Dear Mr. Lentz:
This is in response to your request for an official opinion of this office on the following question:
 Pursuant to the provisions of Section 205.975, RSMo 1978, et. seq., is the Board of Trustees of the Newton County Community Mental Health Fund allowed to collect, receive, hold and expend mental health fund monies or is the Newton County Treasurer required to act as custodian of the Newton County Community Mental Health Fund and make payments from this fund only on warrants issued by the Newton County Court as required by Section 54.100 and 54.140, RSMo 1978?
We understand that the Newton County Court has not entered into a cooperative agreement with any other county in the relevant catchment area pursuant to Section 205.982, RSMo 1978,[1] for the provision of mental health services.
Section 205.980.1 authorizes the governing body of a county to levy and collect a property tax not to exceed thirty cents per one hundred dollars of assessed valuation under certain conditions for the purposes set out in Section 205.977, which states:
 Any county which has one or more catchment areas within its boundaries or which is within the boundaries of a catchment area may, by a majority vote of the qualified voters voting thereon, levy and collect a tax to accomplish any of the following purposes:
 (1) Providing necessary funds to establish, operate, and maintain community mental health centers, mental health clinics, or any comprehensive mental health services;
 (2) Providing funds to supplement existing funds for the operation and maintenance of community mental health centers, mental health clinics, or any comprehensive mental health services;
 (3) Purchasing any of the comprehensive mental health services from community mental health centers, mental health clinics, and other public facilities or not for profit corporations which are designated by the department.
Section 205.980.2 states:
 The tax so levied shall be collected along with other county taxes in the manner provided by law. All funds collected for this purpose shall be deposited in a special fund to be designated "Community Mental Health Fund" to accomplish the purposes as set out in section 205.977 and shall be used for no other purpose. Deposits in the fund shall be expended only upon approval of the board of trustees.
This office concludes that the Newton County Treasurer acts as custodian of the Newton County Community Mental Health Fund for the following reasons:
First, there is no statutory provision authorizing or regulating the appointment of a treasurer for a community mental health fund board of trustees (hereinafter sometimes referred to as "board treasurer"). The only statutory mention of a board treasurer is in Section 205.983 which applies only to instances where two or more counties have entered into a cooperative agreement pursuant to Section 205.982. It is our understanding that this provision does not apply to the Newton County Community Mental Health Fund.
Second, there is no bonding provision for "single county" board treasurers. Again, the only bonding provision applicable to a board treasurer is contained in Section 205.983.3. This bonding provision applies to community mental health funds used to finance community mental health services that are provided for in joint cooperation agreements. It is our understanding that this provision does not apply to the Newton County Community Mental Health Fund.
Third, Section 205.980.2 provides that the community mental health tax "shall be collected along with other county taxes in the manner provided by law. . . ." We believe the community mental health tax is a county tax; it is levied by the governing body of the county only after approval by a majority vote in a county-wide election. Sections 205.977 to 205.980. In the absence of a contrary statutory directive, we believe Section139.210.1 applies, which requires the county collector to pay collected county taxes into the county treasury.
Having concluded that the county treasurers have custody of "single county" community mental health funds, we believe the laws applicable to county treasurers apply, and, ergo, warrants must be issued by the relevant county court or county governing body before money in this fund is to be disbursed. Section 54.100
states in part: "He [the county treasurer] shall receive all moneys payable into the county treasury, and disburse the same on warrants drawn by order of the county court."
Section 54.140 states:
 It shall be the duty of the county treasurer to separate and divide the revenues of such county in his hands and as they come into his hands in compliance with the provision of law; and it shall be his duty to pay out the revenues thus subdivided, on warrants issued by order of the court, on the respective funds so set apart and subdivided, and not otherwise; and for this purpose the treasurer shall keep a separate account with the county court of each fund which several funds shall be known and designated as provided by law; and no warrant shall be paid out of any fund other than that upon which it has been drawn by order of the court as aforesaid. Any county treasurer or other county officer, who shall fail or refuse to perform the duties required of him or them under the provisions of this section and chapters 136 to 154, RSMo, and in the express manner provided and directed, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be punished by a fine of not less than one hundred dollars, and not more than five hundred dollars, and in addition to such punishment, his office shall become vacant. [Emphasis added.]
This does not mean that the relevant county court or county governing body has unfettered discretion to refuse to issue a warrant on a community mental health fund when presented with a voucher issued by the relevant board of trustees of a community mental health fund. Section 205.986 states:
 The board of trustees appointed by a county or a combination of counties shall have the following powers and responsibilities to administratively control and manage the community mental health fund to accomplish the purposes as set out in sections 205.977 and 205.982:
 (1) In the case of a community mental health center, mental health clinic, or any comprehensive mental health service established by a county or combination of counties, the center, clinic, or service shall be under the administrative control and management of the board of trustees which shall be the governing board which may employ necessary personnel, fix their compensation, and provide quarters and equipment for the operation with funds from federal, state, county, and city governments available for that purpose and which shall take steps as it deems necessary to secure private and public funds to help support the centers, clinics, or services.
 (2) In the case of a county or combination of counties providing funds to supplement existing funds or purchase services from an existing community mental health center, mental health clinic, or other public facility or not for profit corporation as designated by the department, the board of trustees shall administer and disburse the community mental health fund for the provision of any comprehensive mental health services.
 (3) The board of trustees has the authority to contract with existing public facilities or not for profit corporations to provide services for the residents of the county or the catchment area to be served.
 (4) The board of trustees shall submit information as required on the disbursement of moneys from the community mental health fund set up to accomplish the purposes as set out in sections 205.977 and 205.982 to the department by such date as it specifies in order to facilitate annual preparation of regional and state plans. [Emphasis added.]
Section 205.980.2 states in part: "Deposits in the fund shall be expended only upon approval of the board of trustees."
The situation is similar to that considered in State ex rel. Holman v. Trimble, 316 Mo. 1041, 293 S.W. 98 (banc 1927), which dealt with the construction of county hospital statutes prior to the enactment of H.B. 1069, 1982 Mo. Laws 374. Among other things, H.B. 1069 authorizes the appointment of treasurers for county hospital boards of trustees.
The court in Trimble, 316 Mo. at 1047-1048, 293 S.W. at 101, stated:
 The Court of Appeals construed these statutes to mean that hospital trustees have exclusive control of the expenditure of moneys collected to the credit of the hospital fund. The natural interpretation of that language excludes the intervention of any other official in determining what claims are to be paid and what accounts ought to be allowed. The plain words mean that full discretion is vested in the hospital board to pass upon and determine the validity of every claim presented. Relators call attention to the provision that the money must be deposited in the treasury of the county and must be paid out only upon warrants drawn by the county court, and argue that the county court is thus vested with some discretion, some function to determine whether or not the claims presented are valid, but that same sentence of the statute goes on to say that such payments are made upon properly authenticated vouchers of the hospital board. That seems to leave no doubt that the only judgment exercised by the county court is to determine whether the vouchers presented show proper authentication of the hospital board, and whether they are for purposes within control of the hospital board and for the purposes of the above statute. If such vouchers should show on their faces that they were issued for purposes foreign to the field controlled by the hospital board, the county court could deny warrants. [Emphasis added.]
Following the principles of the Trimble case, a county court may refuse to issue a warrant on a community mental health fund only (1) upon the ground that vouchers have not been properly authenticated by the relevant board of trustees or (2) upon the ground that the vouchers show on their face that they were issued for purposes other than those specified in Section 205.977.
CONCLUSION
It is the opinion of this office that a county treasurer is the custodian of a single county community mental health fund created and maintained pursuant to Section 205.980.2, RSMo 1978. The governing body of the county must issue warrants on such community mental health funds when presented with a voucher issued by the relevant community mental health fund board of trustees, unless (1) the voucher is not properly authenticated by the board or (2) the voucher shows on its face that it is issued for purposes other than those specified in Section 205.977, RSMo 1978.
Very truly yours,
 JOHN ASHCROFT Attorney General
[1] All statutory references are to RSMo 1978, unless otherwise indicated.